UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　CASE NO. 8:23-cr-9-KKM-AEP

　　　　　　　　　　　　　　　　　18 U.S.C. § 1343

ASHLEY BARRIER

## INFORMATION

The United States Attorney charges:

### COUNT ONE
### (Wire Fraud)

#### A. Introduction

At times material to this Information:

1. Business #1, a reseller, master distributor, and custom manufacturer of returnable and reusable plastic packaging, had its corporate office in St. Petersburg, Florida. Business #1 maintained a business bank account at Financial Institution #1 ending in -8457.

2. ASHLEY BARRIER, a resident of Tampa, Florida, was employed as a bookkeeper for Business #1. Her responsibilities included processing customer payments, running payroll, issuing authorized employee reimbursements, and other accounting-related duties. BARRIER used her access to Business #1's accounting system to embezzle funds via unauthorized employee reimbursements to which she

was not entitled. BARRIER maintained a personal bank account at Financial Institution #2 ending in -5591.

3. Financial Institution #1 and Financial Institution #2 both maintained servers located outside the State of Florida to effectuate financial transactions and the transfer of funds.

### B. Scheme and Artifice

4. From on or about April 24, 2018, through and including on or about April 27, 2021, in the Middle District of Florida, the defendant,

ASHLEY BARRIER,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means of the Scheme and Artifice

5. The manner and means by which the defendant sought to accomplish the scheme and artifice to defraud, included, among others, the following:

   a. It was part of the scheme and artifice that the defendant, working as a bookkeeper for Business #1, would and did issue unauthorized employee reimbursements to herself, thereby causing Business #1 to pay her money to which she was not entitled.

   b. It was further a part of the scheme and artifice that the defendant would and did create and cause to be created payroll spreadsheets which reflected

accurate bi-monthly payments owed by Business #1 to each employee on the payroll for review and approval by the defendant's supervisor.

c. It was further a part of the scheme and artifice that, after the defendant's supervisor approved the payroll spreadsheets, the defendant would and did alter and cause to be altered the payroll spreadsheets by adding false and fraudulent employee reimbursements for herself.

d. It was further a part of the scheme and artifice that the defendant would and did cause Financial Institution #1 to process the false and fraudulent employee reimbursements, and thereby cause Financial Institution #1 to transfer funds, via interstate wires, to the defendant's personal bank account at Financial Institution #2.

e. It was further a part of the scheme and artifice that the defendant would and did use the fraud proceeds for her personal enrichment.

f. It was further a part of the scheme and artifice that the defendant would and did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden, acts performed in furtherance of the scheme.

### D. Execution of the Scheme and Artifice

6. On or about the date set forth below, in the Middle District of Florida, the defendant,

ASHLEY BARRIER,

knowingly and intentionally executed the aforesaid scheme and artifice, by transmitting and causing to be transmitted, by means of wire and radio

3

communications in interstate and foreign commerce, the writings, signs, signals, pictures, and sounds detailed below:

| Count | Date | Description of Wire Communication |
|---|---|---|
| ONE | August 28, 2020 | Defendant caused an interstate wire effectuating the transfer of $15,000 from Business #1's account ending in -8457 at Financial Institution #1 into the defendant's personal account ending in -5591 at Financial Institution #2. |

In violation of 18 U.S.C § 1343.

## FORFEITURE

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of the violation alleged in Count One of this Information, in violation of 18 U.S.C. § 1343, the defendant,

ASHLEY BARRIER,

shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of approximately $803,462.43, representing the proceeds of the violation.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred, sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or,

e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: *Candace* /s/
Candace Garcia Rich
Assistant United States Attorney

By: *Rachelle DesVaux Bedke* /s/
Rachelle DesVaux Bedke
Assistant United States Attorney
Chief, Economic Crimes Section